IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN C. PROPHET, <br>     Plaintiff, <br><br> v. <br><br> JOAN MYERS, MYERS AND ASSOCIATES, P.C., and FORD MOTOR CREDIT COMPANY, LLC, <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-08-0492 |

## **MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss and Plea in Abatement [Doc. # 4] filed by Defendant Ford Motor Credit Company, LLC ("Ford"). Plaintiff John C. Prophet has responded [Doc. # 5]. Ford has not replied and the deadline for doing so has passed.[1] Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Defendants' Motion to Dismiss should be **denied**.

Prophet brings this lawsuit for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Collection Practices Act, TEX. FIN. CODE § 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act,

---

[1] *See* HON. NANCY F. ATLAS, COURT P. 6(A)(4), *available at* http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf.

TEX. BUS. & COM. CODE § 17.41 *et seq.* Prophet also seeks a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Prophet alleges that Ford hired Defendant Myers and Associates, a company owned and operated by Defendant Joan Myers, to collect a debt incorrectly believed to be owed to Ford by Prophet. Prophet claims that Ford knew that Myers and Myers and Associates were engaged in illegal debt collection practices in violation of Texas law. Prophet's federal claim is asserted only against Myers and Myers and Associates. Thus, Ford seeks dismissal of Prophet's Complaint for lack of jurisdiction, arguing that—at least as to Ford—there is neither federal question nor diversity jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A defendant may challenge a court's jurisdiction over a claim with a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n*, 143 F.3d at 1010. Any

uncontroverted facts in the complaint must be accepted as true and the court is to construe the complaint broadly and liberally. *See Gaubert v. United States*, 885 F.2d 1284, 1285 (5th Cir. 1989).

Prophet has alleged a claim arising under federal law, specifically, his claim under the FDCPA. As a claim "arising under the . . . laws . . . of the United States," the Court has jurisdiction. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1692k ("An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."). That Ford is only implicated by Prophet's state law claims does not strip this court of jurisdiction over Prophet's case against Ford. "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This includes cases where "federal claims are levied against one defendant, while state law claims are alleged against a different, nondiverse defendant," *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1018 (5th Cir. 1993), but the federal and state law claims "derive from a common nucleus of operative fact,"such that the claims would ordinarily be tried in one judicial proceeding. *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th

Cir. 2004); *see Fed. Sav. & Loan Ins. Corp. v. Mackie*, 962 F.2d 1144, 1149 (5th Cir. 1992); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Prophet's claims—both state and federal—are based on the same narrative of facts. Prophet alleges that Ford hired Myers and Associates to collect a debt, knowing that the company, through its owner, Joan Myers, engaged in illegal debt collection practices. Prophet further claims that these illegal practices were brought to bear on him when Myers and her company attempted to collect a debt allegedly owed by Prophet to Ford. Prophet's claims all arise from the same series of wrongs allegedly committed by the defendants in the case. Accordingly, it is hereby

**ORDERED** that Ford Motor Credit Company, LLC's Motion to Dismiss [Doc. # 4] is **DENIED**. It is further

**ORDERED** that the Court will conduct a hearing on Ford Motor Credit Company, LLC's Motion for Plea in Abatement [Doc. # 4] on **April 24, 2008, at 4:00 p.m.** in accordance with Section 17.505(d) of the Texas Business and Commerce Code. It is further

**ORDERED** that the initial pretrial conference currently scheduled for April 25, 2008 is **rescheduled** to **April 24, 2008, at 4:00 p.m.**

SIGNED at Houston, Texas, this **14th** day of **April, 2008.**

P:\ORDERS\11-2008\0492MTD.wpd   080414.1645

4

_____
Nancy F. Atlas
United States District Judge