## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN C. PROPHET, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0492 |
| | § | |
| JOAN MYERS, MYERS AND | § | |
| ASSOCIATES, P.C., and FORD | § | |
| MOTOR CREDIT COMPANY, LLC, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 13] filed by Defendants Joan Myers ("Myers") and Myers and Associates, P.C. ("M&A"). Plaintiff John C. Prophet has responded [Doc. # 14] and Defendants have replied [Doc. #15]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Defendants' Motion to Dismiss should be **denied**.

## I.     FACTUAL BACKGROUND

Prophet brings this lawsuit for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Collection Practices Act, TEX. FIN. CODE § 392.001 *et seq.*, and the Texas Deceptive Trade Practices Act,

TEX. BUS. & COM. CODE § 17.41 *et seq.*  Prophet also seeks a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.[1]  Prophet alleges that Defendant Ford Motor Credit Company, LLC ("Ford"), hired Defendant M&A, a company owned and operated by Defendant Myers, to collect a debt incorrectly believed to be owed to Ford by Prophet.  Prophet claims that Myers and her company were engaged in illegal debt collection practices in violation of Texas and federal law.

Specifically, Prophet alleges that M&A sent Prophet a demand letter, signed by "Joan Myers, Attorney at Law," but that Myers did not actually sign the letter or personally handle the Prophet account.[2]  Prophet claims that Myers and her company "falsely represented or implied that [the] communication[] [was] from an attorney" in violation of state and federal law.  Prophet further alleges that Myers, through her company, misrepresented the terms on which Ford would have agreed to settle the alleged debt, also in violation of state and federal law.  Finally, Prophet seeks a declaration that the debt at issue is not owed by him.

Defendants seek dismissal of Prophet's claims, characterizing his statutory claims as fraud claims subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), and arguing that the Complaint fails to plead with

---

[1]    Neither Myers nor M&A are parties to this claim.  They raise no argument in support of its dismissal.

[2]    The letter is attached as Exhibit A to Prophet's Complaint [Doc. # 1].

particularity, as required by the Rule.  Defendants alternatively claim that Prophet's

Complaint does not allege facts upon which relief may be granted.

## II.  <u>STANDARDS OF LAW</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure is viewed with disfavor and is rarely granted.  *Manguno v. Prudential Prop.*

*and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true.  *Id.*  A claim is legally insufficient under Rule 12(b)(6) "only if there is no set

of facts that could be proven consistent with the allegations in the complaint that

would entitle the plaintiff to relief."  *Power Entm't, Inc. v. Nat'l Football League*

*Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998).  However, "a statement of facts that

merely creates a suspicion that the pleader might have a right of action" is insufficient

to overcome a motion to dismiss.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975

(5th Cir. 1995) (quoting 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE:

CIVIL 2D § 1216 at 156–59).

A cause of action can fail to state a "claim upon which relief can be granted"

if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2).  *See, e.g.*,

*Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1247, 1249–50 (E.D. Tex. 1997); *Bank of*

*Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, *2

(5th Cir. Oct. 9, 2006) ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8."). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.  "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965 n.3 (internal quotations omitted).

In addition, Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 168–69 (1993); *Hart v. Bayer*

*Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).   In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)).   Rule 9(b) requires a plaintiff to allege the existence of *facts* sufficient to warrant the pleaded conclusion that fraud has occurred.   *See In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (emphasis added).   Because the requirements of Rule 9 are more stringent than those for Rule 8, the Supreme Court's decision in *Twombly* applies with at least equal force to the Rule 9 pleading requirements.

Ordinarily, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings . . . ." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).   However "documents whose contents are alleged in a complaint and whose authenticity no party questions" may be considered on a motion to dismiss.   *See id.* at 498–99.

## III.   ANALYSIS

### A.   Failure to Plead Sufficient Facts

Defendants characterize Prophet's statutory claims as claims sounding in fraud, for which the heightened pleading requirements of Federal Rule of Civil Procedure

9(b) apply.  However, Defendants cite no cases establishing that claims under the statutory provisions at issue in this matter are subject to Rule 9(b).

In fact, with regard to the FDCPA, "[c]ourts considering the issue have invariably determined the sufficiency of FDCPA pleadings by applying Rule 8 rather than Rule 9(b)." *Cargile v. Baylor Health Care Sys.*, No. 3:04-CV-1365-B, 2005 U.S. Dist. LEXIS 22141, at *16 (N.D. Tex. Aug. 10, 2005) (Boyle, J.) (quoting *Sullivan v. Equifax, Inc.*, 2002 U.S. Dist. LEXIS 7884 (E.D. Pa. April 19, 2002) (collecting cases)); *see also Carlson*, 378 F. Supp. 2d 128 (applying Rule 8(a) to an FDCPA claim).  This is so even when a plaintiff alleges that a defendant made false representations in violation of § 1692e of the FDCPA, largely because "establishing a violation of § 1692e is a substantially different matter than establishing common law fraud."  *Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 923 (E.D. Va. 2006).  For example, "a plaintiff asserting a claim under § 1692e need not prove actual reliance on a false representation . . . [nor] establish actual damages."  *Id.* (internal quotation marks and citations omitted).  The same would be said for claims under the TCPA, as—at least for purposes of this case—the conduct made unlawful by that act is virtually identical to the conduct made unlawful by the FDCPA.[3]

---

[3]     The FDCPA provisions at issue in this case prohibit a debt collector from making a "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), and from using "any false representation or (continued...)

As for Prophet's DTPA claim, even though he must prove, *inter alia*, that Defendants "engaged in false, misleading, or deceptive acts," *Doe v. Boys Club*, 907 S.W.2d 472, 478 (Tex. 1995), "[a] claim under the Texas DTPA is covered by the notice pleading standard in [Federal Rule of Civil Procedure] 8(a), not the heightened pleading standard for fraud claims set forth in [Rule] 9(b)." *Sherwin Alumina, L.P. v. Aluchem, Inc.*, No. C-06-210, 2007 U.S. Dist. LEXIS 21237, at *10–*11 (S.D. Tex. Mar. 23, 2007) (Jack, J.) (citing *Kennard v. Indianapolis Live Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) ("[T]he court finds that Rule 9(b) should not be applied to [Plaintiff's] claims under the DTPA . . . ."); *Infomart (India), PVT., Ltd. v. Metrowerks Corp.*, No. 3:04-CV-1299-V, 2005 U.S. Dist. LEXIS 11095, at *14–*15 (N.D. Tex. Feb. 7, 2005) (Godbey, J.); *Metro. Life Ins. Co. v. Bialik*, No. 3-99-CV-2679-M, 2001 WL 322458, at *4 (N.D. Tex. Mar. 30, 2001) (Kaplan, Mag.); *Bur-Cold Express, Inc. v. Parker Hannifin Corp.*, 808 F. Supp. 553, 555–56 (S.D. Tex. 1992)); *see also Gen. Retail Servs. v. Wireless Toyz Franchise, L.L.C.*, 255 F. App'x

---

[3]    (...continued)
deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10).  The TCPA provisions at issue make it unlawful for a debt collector to "represent[] falsely the status or nature of services rendered by the debt collector or the debt collector's business," TEX. FIN. CODE § 392.304(a)(14), "us[e] a communication that purports to be from an attorney or law firm if it is not," TEX. FIN. CODE § 392.304(a)(16) "represent[] that a consumer debt is being collected by an attorney if it is not," TEX. FIN. CODE § 392.304(a)(17), and "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer," TEX. FIN. CODE § 392.304(a)(19).

775, 795 n.14 (5th Cir. 2007).

Nonetheless, assuming *arguendo* that Rule 9(b) is to be applied to these claims, Prophet's Complaint easily defeats a motion to dismiss.  When a defendant challenges a complaint for failing to plead with the particularity demanded by Rule 9(b), the Court is directed to ensure that the plaintiff has alleged "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotations marks and citation omitted).  "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out."  *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).  Prophet's Complaint does exactly that. Prophet alleges who—Joan Myers and Myers and Associates, P.C.—what—misrepresentations concerning attorney involvement and settlement terms—when—on March 12, 2007, the date on the demand letter mailed to Prophet by Defendants—where—from Defendants' place of business—and how—via the letter attached to Prophet's Complaint.

Based on these allegations, Prophet has sufficiently put Defendants on notice of the challenged assertions and of what they must defend.  Indeed, Defendants' assertion that "it is impossible to determine that any facts exist to support Plaintiff's

fraud-based claims"[4] is patently frivolous.  Prophet's Complaint meets both the liberal pleading standards of Rule 8(a) and the heightened pleading requirements of Rule 9(b).  Accordingly, Defendants' motion to dismiss on this ground is denied.

### B.     Failure to Plead a Cognizable Claim

Next, Defendants argue that Prophet has failed to plead a cognizable claim, at least with regard to the alleged statements concerning the terms of settlement offer made to Prophet in the M&A letter.  The relevant portion of the letter states:

> Our client, FORD MOTOR CREDIT COMPANY, has authorized this office to settle your account balance of $11,734.54 with the acceptance of 50% of the total balance, or **$5,867.27**.  **Payment** must be received in our office within 30 days of the date of this letter.

> After receipt of full payment, your account will be reported to the credit bureaus as settlement paid showing a zero balance.[5]

Defendants argue that the statements concerning the terms of the settlement are not misleading on their face and, accordingly, that they do not violate the FDCPA provision prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ."  15 U.S.C. § 1692e(10).  Specifically, Defendants assert that, contrary to Prophet's allegation that the terms stated suggest that Ford was making a "one time only" deal, the terms are open to no such

---

[4]     Defendants' Motion to Dismiss [Doc. # 13], ¶ 6.

[5]     *See* Complaint [Doc. # 1], at Exh. A (emphasis in original).

interpretation.   Therefore, Defendants assert that the letter does not violate the FDCPA.

"Section 1692e(10) was enacted to thwart abusive, false, or misleading debt collection practices." *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 494 (5th Cir. 2004).  "[I]n determining whether a violation of the FDCPA has occurred, the debt collector's representations, notices[,] and communications to the consumer must be viewed objectively from the standpoint of the 'least sophisticated consumer.'" *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).  "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained[,] and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials."  *Id.* (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)).  Thus, while "it is important to permit collection agencies to offer settlements," they must do so "in a nondeceitful manner." *Goswami*, 377 F.3d at 496.

To that end, some courts have found that, absent language stating specifically that a settlement offer is a "one-time-only, take-it-or-leave-it"-type offer, a letter similar to the one at issue in this case is not deceptive.  *See, e.g.*, *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 828–29 (N.D. Cal. 2006); *Johnson v. AMO Recoveries*, 427 F.

Supp. 2d 953, 955–57 (N.D. Cal. 2005).  Other courts, however, have been more circumspect, and require that any settlement offer open for only a specified period of time include language suggesting that renewal of the offer is a "possibility[,] but that it is not assured."  *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775–76 (7th Cir. 2007).

In this circuit, the law governing this issue is unsettled.  The leading case in the Fifth Circuit addressing settlement offers by debt collectors held that an offer stating that "only during the next thirty days, will our client agree to settle your outstanding balance due with a thirty (30%) percent discount off your . . . balance owed" was deceptive and in violation of the FDCPA.  *Goswami*, 377 F.3d at 495.  The Court began its analysis by noting that the statement itself was false.  "In actual fact, [the creditor] had authorized [the debt collector] to give debtors such as [the plaintiff] a 30% discount at *any time*, not just for a period of thirty days."  *Id.*  Thus, the Court was persuaded that by using language suggesting that the offer was a "one-time, take-it-or-leave-it offer that would expire in thirty days . . . the obvious purpose of the statement was to push [the debtor-plaintiff] to make a rapid payment to take advantage of the purported limited time offer."  *Id.*  Accordingly, while the *Goswami* Court recognized the need and value in permitting debt collectors to make settlement offers, the Court was clear that such offers must accurately reflect the terms a debt collector

is authorized by the creditor to make.  *Id.* at 496.

In this case, while the letter at issue does not state that the M&A settlement offer is "only" available for thirty days, it does state that "**Payment** must be received in our office within 30 days of the date of this letter."[6]  There is nothing to temper this statement, such a language stating that payment "must be received in our office no later than 30 business days from the date of this letter unless you contact your office to make other arrangements."  *See Goswami*, 377 F.3d at 492.   Thus, whether the language of the M&A settlement offer, in the context of the letter as a whole, is deceptive under the FDCPA, cannot—and should not—be resolved on a motion to dismiss, especially in light of the lack of controlling authority on this issue.  *See Evory*, 505 F.3d at 776 (holding that a claim of deception under the FDCPA presents questions of fact and should only be dismissed on the pleadings if "[a] plaintiff . . . rest[s] on the text of the communication and [has] no other evidence to offer, and . . . if there [is] nothing deceptive-seeming about the communication").  Prophet is entitled to discovery to determine whether, and to what extent, the settlement offer accurately represented the terms authorized by Ford and whether, and to what extent, the M&A letter was deceptive in communicating those terms.

Prophet alleges in his Complaint that the M&A letter was deceptive in violation

---

[6]      *See id.* (emphasis in original).

of the FDCPA, both because it purported to be from an attorney and because the settlement terms offered were misleading.  Defendants offer no argument in support of dismissal of the former theory and there is no authority in this Circuit holding the latter theory is *per se* meritless.  Accordingly, Prophet has stated a claim for relief under that statute.

Further, because the Court has original jurisdiction over the FDCPA claim, the Court exercises supplemental jurisdiction over Prophet's state law claims, all of which "derive from a common nucleus of operative fact," such that the claims would ordinarily be tried in one judicial proceeding.  *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

IV.   **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 13] is **DENIED**.

SIGNED at Houston, Texas, this **4**th day of **May, 2008.**

Nancy F. Atlas
United States District Judge